# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO CRUZ, <br> Movant, | :: <br> :: <br> :: | CIVIL ACTION NO. <br> 1:11-CV-2732-WSD-LTW |
| v. | :: <br> :: <br> :: | CRIMINAL ACTION NO. <br> 1:07-CR-145-WSD-LTW-7 |
| UNITED STATES OF AMERICA, <br> Respondent. | :: <br> :: | MOTION TO VACATE <br> 28 U.S.C. § 2255 |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 30 day of December, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO CRUZ, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:11-CV-2732-WSD-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-145-WSD-LTW-7 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Movant, pro se, challenges under 28 U.S.C. § 2255 his convictions in this Court for drug offenses. (Doc. 431.)[1] Respondent has filed a response opposing the motion, (Doc. 434), and Movant has filed a reply, (Doc. 435). Movant also has filed two affidavits in support of his § 2255 motion, (Doc. 431-2; Doc. 431-3), and a motion for a hearing, (Doc. 436). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability. Movant's motion for a hearing [436] is **DENIED**.

I.  **Background**

On September 12, 2008, a jury in this Court convicted Movant of conspiracy

---

[1] Unless otherwise noted, all citations in this Report and Recommendation to the record are to case number 1:07-CR-145-WSD-LTW.

to possess with intent to distribute cocaine and methamphetamine and possession of cocaine with intent to distribute it. (Doc. 256.) At trial, the Court entered a judgment of acquittal, pursuant to Movant's Rule 29 motion, on a charge of money laundering. (Doc. 252.) Movant was tried with a co-conspirator, Nattu Julian Valladarez. Another co-conspirator, Jaime Sol Rey, pled guilty to the drug conspiracy during voir dire of the jury panel. (Doc. 246.) Sol Rey did not testify at Movant's trial. Attorney Richard Grossman represented Movant at trial.

In its Order denying Movant's motion for new trial, the Court described the facts of this case as follows:

> This case centers on the possession and transfer of approximately ten (10) kilograms of cocaine in Atlanta, Georgia, on or about April 7, 2007. Specifically, [Movant] and Jaime Sol Rey traveled from North and South Carolina to Atlanta, Georgia, to engage in a drug transaction. [Movant] and Sol Rey were in a Ford F-150 pick-up truck. Intercepted telephone communications introduced by the Government established that Sol Rey and [Movant] met with other defendants in a shopping center off of Interstate 85 in Gwinnett County, Georgia. At the parking lot in front of El Palacio Billiards Hall, two other defendants arrived in a Toyota Tacoma pick-up truck. At the billiards hall, Sol Rey and another defendant got into the Tacoma and traveled to Defendant Valladarez's home at 2999 Arendel Drive, stopping first at a home at 3200 Linden Drive. Intercepted phone conversations indicated that a drug transaction was planned to take place at Defendant Valladarez's residence. Special Agent Keith Cromer of the Drug Enforcement Administration ("DEA") testified at trial that the intercepted calls indicated that some amount of money was intended to be exchanged for the drugs purchased.

2

The Tacoma was parked either in the driveway or the garage of Valladarez's home. A second car arrived. For some period of time, the interior light of the Tacoma was illuminated. The Tacoma left approximately 20 minutes after arrival and returned to the billiards hall, where it met up with the F-150. [Movant] and Sol Rey then left in the F-150 traveling in tandem with the Tacoma to a Marriott Courtyard motel. At the motel, the occupants of the two trucks were arrested, and the Tacoma was searched. Approximately 10 kilograms of cocaine were found hidden in concealed compartments in the doors of the Tacoma. At the time of his arrest, [Movant] was overheard speaking to a motel representative about getting a room with a view of the rear parking lot (where the Tacoma had been parked). DEA agents interviewed [Movant] after reading him his Miranda rights. During the interview, [Movant] admitted that Sol Rey was supposed to pay him for driving to Atlanta, and that he waited at the billiards hall while Sol Rey drove the Tacoma to get the cocaine.

(Doc. 326 at 2-4.)

Movant, with new counsel, moved for a new trial on the ground that Grossman rendered ineffective assistance by not presenting Sol Rey's testimony at trial and by not seeking disclosure of DEA Agent Cromer's handwritten notes concerning Movant's post-arrest statements and on the ground that Respondent violated his right to due process by not disclosing Agent Cromer's handwritten notes. (*Id.* at 4.) Movant contended in his motion for new trial that he told Grossman that Sol Rey was willing to testify at trial that Movant was not involved with and was not aware of the drug transaction that was the subject of the trial. (*Id.* at 6.) The Court ruled that

3

Grossman was not ineffective for not calling Sol Rey as a witness at trial or for failing to seek disclosure of Agent Cromer's handwritten notes regarding Movant's post-arrest statements to the DEA agents. (*Id.* at 6-15.) The Court further ruled that Movant was not entitled to Agent Cromer's handwritten notes under the Federal Rules of Criminal Procedure or applicable U.S. Supreme Court decisions. (*Id.* at 16.)

Movant filed a motion for reconsideration of the Court's denial of his motion for new trial and included with the motion an affidavit from Sol Rey, in which Sol Rey stated that Movant was neither aware of nor involved with the drug transaction that was the subject of the trial. (Doc. 348; Doc. 352; Doc. 352-1.) Movant also filed a motion for a writ directing that Sol Rey be transported from prison to the Court to testify at Movant's sentencing and in support of Movant's motion for reconsideration. (Doc. 353.) The Court denied the writ, (Doc. 361), and denied Movant's motion for reconsideration at the sentencing hearing, (Doc. 365). The Court sentenced Movant to ten years' imprisonment, five years' supervised release, and a special assessment. (Doc. 366.)

Movant appealed his convictions. Movant argued on appeal that the Court erred by denying his pre-trial motion to suppress evidence and that insufficient evidence was presented at trial to convict him. *United States v. Cruz*, 428 F. App'x

4

912, 913 (11th Cir. 2011). The appellate court affirmed Movant's convictions. *Id.* at 915. Movant then sought relief under § 2255.

Movant claims in his § 2255 motion that Respondent engaged in prosecutorial misconduct in violation of his right to due process by presenting false testimony at trial and by not producing Agent Cromer's handwritten notes regarding Movant's post-arrest statements to DEA agents. (Doc. 431 at 4; Doc. 431-1 at 3-4.) Movant also claims that Grossman rendered ineffective assistance in violation of his Sixth Amendment right to counsel by not interviewing Sol Rey or calling him as a witness at trial and by not seeking Agent Cromer's handwritten notes during trial. (Doc. 431 at 5-6; Doc. 431-1 at 2-4.)

## II. Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral

relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

A court also may review a claim in a § 2255 motion that was not raised on appeal if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. *Lynn*, 365 F.3d at 1234-35 (quotations omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n. 18 (quotations

6

omitted). In this regard, a § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

7

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

## III. Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). The record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255. Thus, Movant's motion for a hearing [436] is **DENIED**.

Movant procedurally defaulted his claim that Respondent violated his right to due process by not disclosing Agent Cromer's handwritten notes regarding Movant's post-arrest statements because it is undisputed that he did not raise that claim on appeal. *See Black*, 373 F.3d at 1142; (Doc. 431 at 4). Movant alleges that the lawyer who represented him on appeal, which was new counsel appointed after Movant's trial, did not raise the issue and Movant "could not compel[] him to do so." (Doc. 431 at 4.) To the extent Movant alleges that his appellate counsel was deficient and that the deficiency caused his procedural default, "[n]ot just any deficiency in counsel's performance will do[.] . . . [T]he assistance must have been so ineffective as to violate

the Federal Constitution." *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.*

Movant has offered no allegations or evidence to show that his appellate counsel rendered constitutionally ineffective assistance. (*See* Doc. 431; Doc. 431-1.) The Court thoroughly analyzed and rejected Movant's due process claim regarding Agent Cromer's notes in its Order denying Movant's motion for new trial. (Doc. 326.) The claim lacked merit, and thus it was reasonable for Movant's appellant counsel to decide not to raise it on appeal. *See Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009). Movant has not shown cause to excuse his procedural default. Nor has Movant shown that his procedural default should be excused because he is actually innocent, as a factual matter, of the crimes for which he was convicted. As discussed below, Movant has not shown that it is more likely than not that a reasonable jury would have acquitted him if it had the purported new evidence Movant relies on to support his actual innocence claim.

Movant has not shown that Grossman rendered ineffective assistance by not interviewing Sol Rey or calling him to testify at trial. The Court previously

considered and rejected this claim when Movant presented an affidavit from Sol Rey in connection with his motion for new trial. (Doc. 326; Doc. 384.) Sol Rey stated in both his June 4, 2009 affidavit and his August 4, 2011 affidavit that he did not tell Movant that Movant was driving Sol Rey to Atlanta to purchase drugs and that he does not believe Movant knew about the drugs. (Doc. 352-1; Doc. 431-3.) Shortly after his arrest, however, Movant told DEA agents that he knew about the drugs and knew that the purpose of the trip was to get the drugs. The Court previously noted that Movant's incriminating statement to the DEA agents was "[t]he most damaging testimony in this case." (Doc. 384 at 29.) Movant's current contention, based solely on Sol Rey's affidavit, that he was oblivious to the nature of and reason for the long trip to Atlanta, the reason Sol Rey had him wait in the parking lot of a billiards hall when he arrived in Atlanta, and the reason why he purchased a room in the back of a hotel overlooking the truck carrying the drugs are "nonsensical." (*Id.* at 30.)

Given Movant's incriminating statements immediately after his arrest, the strong circumstantial evidence of his involvement in the drug conspiracy, and Sol Rey's credibility issues as the admitted ringleader of the drug conspiracy, it was a reasonable strategy for Grossman to not interview Sol Rey or call him as a witness at trial. Whether a strategy might have been reasonable is an objective inquiry; courts

do not ask whether the trial attorney "actually made a thought-out decision," but ask "whether some reasonable attorney could have acted that way." *Chandler*, 218 F.3d at 1327 n.41. "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the courts] will seldom, if ever, second guess." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). Even assuming that Sol Rey would have told Grossman, before trial, what he said in his 2009 and 2011 affidavits, Movant has not shown that no reasonable lawyer would have failed to interview Grossman or call him as a witness considering the other evidence against Movant. Furthermore, in considering the evidence against Movant and Sol Rey's proposed testimony, it is less than reasonably probable that the testimony would have changed the jury's decision that Movant was involved in the conspiracy. The evidence against Movant was significant, particularly Movant's confession on the day of the drug transaction, which was consistent with his actions and the circumstantial evidence tying him to the drug conspiracy. Movant has shown neither deficient performance by Grossman nor that he was prejudiced by Grossman's decision not to interview Sol Rey or call him as a witness at trial.

Movant also has not shown that Grossman rendered ineffective assistance by not seeking Agent Cromer's handwritten notes regarding Movant's incriminating post-

arrest statements. The Court considered and rejected this claim in denying Movant's motion for new trial, and Movant has presented no new evidence or arguments in support of the claim. Respondent had no obligation under the Federal Rules of Criminal Procedure, the Jencks Act, or applicable Supreme Court decisions to disclose DEA Agent Cromer's handwritten notes to Movant or Grossman, his counsel. (Doc. 326 at 10-16.) Grossman established on cross-examination of the DEA agent that Movant's incriminating statement was not recorded in any manner, Agent Cromer did not testify about Movant's incriminating statement, and Respondent produced Agent Cromer's formal report of the interview. (*Id.*) Movant has not shown that Grossman's failure to request Agent Cromer's handwritten notes fell outside the wide range of reasonably competent assistance to which Movant was entitled.

In sum, Movant has not demonstrated that Grossman's performance was constitutionally deficient or that he was prejudiced by any of Grossman's alleged failures. Movant is not entitled to relief under § 2255.

### IV. Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255

Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. As shown in Part III, *supra*, the record conclusively demonstrates that Movant is not entitled to relief, and the resolution of his claims is not reasonably debatable.

V. **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [431] be **DENIED** and that civil action number 1:11-CV-2732-WSD-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability. Movant's motion for a hearing [436] is

**DENIED.**

**SO ORDERED AND RECOMMENDED** this 30 day of December, 2011.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE